IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE ATTORNEY STORE.COM, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-2005-N |
| | § | |
| REED ELSEVIER, INC., | § | |
| | § | |
| Defendant. | § | |

## **SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of this Court ("LR"), and the Civil Justice Expense and Delay Reduction Plan (the "Plan") for the Northern District of Texas, the Court ORDERS as follows:

1. This case is set for trial on October 12, 2010. The setting is for a one week docket. Reset or continuance of the trial setting does not alter the deadlines in this Order unless expressly provided by court order.

2. Any motions for leave to join additional parties must be filed within 90 days of the date of this Order. Any motion for leave to amend pleadings under Rule 15(a) must be filed within 180 days of this Order. Any motion for leave to amend pleadings after that date must show good cause pursuant to Rule 16(b).

3. The parties may by written agreement alter the deadlines in this paragraph, without the need for court order. No continuance of trial will be granted due to agreed

ORDER – PAGE 1 (rev. 4/06)

extensions of these deadlines. Motions may become moot due to trial if filed after the deadline in this Order.

    a.    180 days before trial – mediation; the parties may eliminate this requirement by agreement; the parties should advise the court if they are unable to agree on a mediator; all parties must attend the mediation in person; legal entities must provide a representative with full authority; if there is insurance per Rule 26(a)(1)(D), a representative with full authority must attend in person; the parties and mediator may by agreement waive the requirement of attending in person;

    b.    150 days before trial – party with burden of proof must disclose experts pursuant to Rule 26(a)(2);

    c.    120 days before trial – disclosure of opposing experts pursuant to Rule 26(a)(2);

    d.    105 days before trial – disclosure of rebuttal experts pursuant to Rule 26(a)(2) or supplementation with rebuttal opinions pursuant to Rule 26(e)(1);

    e.    90 days before trial – discovery closes; discovery requests must be served in time to permit response by this date;

    f.    90 days before trial – all motions, including any objections to expert testimony, must be filed.

    4.    To facilitate orderly preparation for trial, the Court conducts an expedited discovery hearing docket on Monday afternoons. Any party may request expedited hearing of a discovery dispute. Requests must be made by separate letter to the Court's Judicial

Assistant, Donna Hocker, and must be <u>received</u> at least ten (10) days prior to the requested docket; requests may be made concurrently with filing the motion. If the matter is set on the expedited docket, the Court will advise the parties of applicable procedures by separate order. Seeking relief from the Court on discovery disputes prior to conducting a meaningful, substantive conference with the opposing party is **STRONGLY** discouraged. A motion or objection to the taking of a deposition that is filed within three business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise the deposition will not be stayed except by court order.

    5.    The parties shall file all pretrial materials 30 days before trial. Failure to file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

    a.    pretrial order pursuant to LR 16.4;

    b.    exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and Rule 26(a)(3); witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and an estimate of the length of direct examination; exhibit lists must include any materials to be shown to the jury, including demonstrative aids; the parties shall comply with Rule 26(a)(3) regarding objections;

    c.    proposed jury charge pursuant to LR 51.1 or proposed findings of fact and conclusions of law pursuant to LR 52.1; any objections to the proposed jury charge shall be filed within 14 days thereafter; objections not so disclosed are waived unless excused by the court for good cause;

d.   motions in limine; matters that are not case-specific are strongly discouraged;

e.   requested voir dire questions.

6.   The final pretrial conference will be set by separate order or notice. The Court will likely impose time limitations for trial at the pretrial conference. Examination of witnesses will be limited to direct, cross, re-direct, and re-cross. Any questions regarding this Order may be directed to the Court's Judicial Assistant, Donna Hocker, at 214-753-2700.

Signed November 20, 2009.

David C. Godbey
United States District Judge